# UNITED STATES DISTRICT COURT

EASTERN                                     District of                              NEW YORK

UNITED STATES OF AMERICA
V.
CHRISTIAN ALEXANDER LUGO

## JUDGMENT IN A CRIMINAL CASE

Case Number:   CR-05-873(arr)

USM Number:   73692-053

DAVID LOFTIS, ESQ, FEDERAL DEFENDERS
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    one of the indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 952(a) &, 960(b)(3) | IMPORTATION OF HEROIN. | 11/1/2005 | ONE |
| | | | |

The defendant is sentenced as provided in pages 2 through ___10___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/14/2006
Date of Imposition of Judgment


Signature of Judge


ALLYNE R, ROSS                          U.S.D.J.
Name of Judge                           Title of Judge

7/14/2006
Date

DEFENDANT:  CHRISTIAN ALEXANDER LUGO
CASE NUMBER:  CR-05-873(arr)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

A YEAR AND A DAY.

☑ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐  as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☑  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  CHRISTIAN ALEXANDER LUGO
CASE NUMBER:  CR-05-873(arr)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

FIVE (5) YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:  CHRISTIAN ALEXANDER LUGO
CASE NUMBER:  CR-05-873(arr)

# ADDITIONAL SUPERVISED RELEASE TERMS

1) THE DEFT SHALL PATICIPATE IN SUBSTANCE ABUSE TREATMENT AS SELECTED BY THE PROBATION DEPARTMENT. TREATMENT MAY INCLUDE OUTPATIENT AND/OR INPATIENT TREATMENT OR DETOXIFICATION PROGRAM AS DETERMINED BY THE PROBATION DEPARTMENT. DEFT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL, UNLESS GRANTED A PRESCRIPTION BY A LICENSED PHYSICIAN AND PROFF OF SAME IS PROVIDED TO THE PROBATION DEPARTMENT. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

2) DEFT SHALL MAINTAIN FULL-TIME VERIFIABLE EMPLOYMENT AND/OR SHALL PARTICIPATE IN AN EDUCATION OR VOCATIONAL TRAINING PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT.

3) DEFT SHALL NOT POSSESS ANY FIREARMS.

DEFENDANT:  CHRISTIAN ALEXANDER LUGO
CASE NUMBER:  CR-05-873(arr)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  CHRISTIAN ALEXANDER LUGO
CASE NUMBER:  CR-05-873(arr)

Judgment — Page  6  of  10

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☑  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐  not later than _____
    ☐  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐  Payment to begin immediately (may be combined with   ☐C,   ☐D, or   ☐F below); or

C   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

(Start of excerpt)

THE COURT:  Well, initially, I guess there's no dispute with respect to the advisory guidelines.  Defendant is at a level of 19, Criminal History Category One, guidelines range is 30 to 37 months.  Defendant seeks a downward departure under the advisory guidelines for extraordinary post-arrest rehabilitation.  Relying on Middleton, M-I-D-D-L-E-T-O-N, the government urges the defendant's post-arrest rehabilitation in this case not sufficiently extraordinary to warrant the departure.  In my view, however, the evidence of rehabilitation in this case is, especially as compared with the defendant's, quote, starting point, closed quote, is a baseline is sufficiently extraordinary to take out of the heartland of cases contemplated by the Commission.

When defendant committed the instant offense, he was 18 years old and homeless.  About a year before, he had difficulties in his relationship with his mother and stepfather.  Defendant had been sent to live with his father in Rhode Island.  Almost nine months thereafter, however, his father relocated to the Dominican Republic and took the defendant with him.  Defendant could not adjust to the life in the Dominican Republic.  He returned to the New York area, but he did not reconcile with his mother.  Instead, wholly rejecting family support, he chose to live with friends or on the streets, and ultimately, he became completely homeless.

1 During this period, then, he was not attending school, nor was

2 he employed, he became addicted to marijuana and incurred a

3 series of arrests for possession and/or sale of marijuana,

4 none of which resulted in prosecutions.

5     As the picture of the defendant at the time of his

6 arrest, the baseline from which to measure his post-arrest

7 rehabilitation is truly a low point. Following his arrest on

8 the incident, defendant has reconciled with his mother and

9 stepfather, and has been living at home. He has attended

10 school and is scheduled to graduate from high school next

11 year. Simultaneously while pursuing his education, he has

12 maintained paying jobs, using his earnings to help support him

13 and his family, has also completely overcome his marijuana

14 addiction, as evidenced by repeated negative drug tests, and

15 he's dramatically repaired his family relationships. Family

16 members report the defendant has not only reconciled with

17 them, but also turned his life around, and is prepared to make

18 a positive contribution to society.

19     Pretrial services reports the defendant was slow to

20 comply with the SOS requirements, but eventually did so.

21 Pretrial services also reports some lack of maturity in

22 defendant's reliance on his mother to supply documentation and

23 materials that have been requested. However, I am in

24 agreement with defense counsel that at least as compared to

25 defendant's circumstances when arrested last November, his

1 rehabilitation by his return to education, his ability to hold
2 two steady jobs, his abandonment of illegal drug use and the
3 strengthening of his family relationships has been
4 extraordinary. Even if departure under the advisory
5 guidelines were unwarranted, I would reach the same conclusion
6 as an appropriate sentence under the 3553(A) statutory factors
7 considering, especially, the nature and circumstances of
8 defendant's criminal conduct and the history and
9 characteristics of the defendant, that I have just reviewed.
10 Moreover, the probation department has been independently
11 reached the same conclusion for reasons set forth in the
12 sentence recommendation regarding a term of incarceration that
13 is sufficient, but not unduly severe, to accomplish the goals
14 of sentencing.

15     Accordingly, I sentence Mr. Lugo to the custody of
16 the Attorney General for a period of a year and a day, to be
17 followed by a three-year period of supervised release.
18 Special conditions that he not possess a firearm or any
19 destructive device, that he participate in any educational
20 and/or vocational training recommended by the probation
21 department, and that would also include any full time
22 employment recommended by the probation department, that he
23 submit to drug testing and participate in any substance abuse
24 treatment with the provider selected by the department, which
25 may improve application to residential treatment and that he

1  abstain from all illegal substances and/or alcohol, and
2  contribute to the cost of services rendered and copayment or
3  full payment in an amount to be determined by the probation
4  department, based on his ability to pay and/or the ability of
5  the third-party payer. And I find that he's unable to pay a
6  fine, but I will impose the mandatory one hundred dollars
7  special assessment.

8  　　　　Are there open counts?

9  　　　　MR. KYRIAKAKIS: Yes, Your Honor. At this time, the
10 government moves to dismiss Count Two of the indictment.

11 　　　　THE COURT: The motion is granted.

12 　　　　(End of excerpt)

13

14

15

16

17

18

19

20

21

22

23

24

25